285 So.2d 447 (1973)
SAVE OUR BAY, INC., a Florida Non-Profit Corporation, Appellant,
v.
HILLSBOROUGH COUNTY POLLUTION CONTROL COMMISSION et al., Appellees.
No. 73-255.
District Court of Appeal of Florida, Second District.
October 3, 1973.
As Modified on Denial of Rehearing November 30, 1973.
*448 Robert L. King and Thomas D. Casper, Tampa, for appellant.
Robert H. Mackenzie, Tampa, for Hillsborough County Pollution Control Commission; and Marvin E. Barkin of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for Sweetwater Utility Corp.
BOARDMAN, Judge.
The trial court entered its order granting appellees' motion to dismiss the amended complaint on the ground that appellant, Save Our Bay, Inc., a Florida non-profit corporation, did not have standing to file its action. The appellant was granted leave to amend and elected not to do so within the time prescribed. Thereafter, the trial court, after proper notice, entered a final judgment dismissing with prejudice the amended complaint and the action filed by appellant. The order granting the final judgment forms the basis of this timely appeal. In that order the trial court reserved jurisdiction of certain other aspects of the case not material to this appeal.
The sole question for our determination is whether, under the statutory authority and applicable decisional law, the amended complaint states a cause of action. After careful consideration of the record, briefs and excellent oral argument of counsel, we conclude that the amended complaint does state a cause of action as is required by Rule 1.110(b), RCP, 30 F.S.A.
The amended complaint alleges in pertinent part as follows:
1. This action is brought pursuant to the authority of Chapter 403.412 of the Florida Statutes, known as the Florida Environmental Protection Act.
* * * * * *
4. That the organization and its members, have regularly over many years, used the waters of Old Tampa Bay and its tributaries for bathing, swimming, fishing, boating, water sports and generally as a recreation and play area.
* * * * * *
9. That said Defendant Utility Companies have been continuously polluting in violation of the Florida laws and regulations by the discharge of improperly treated effluent into streams and tributaries; that as a result of the violation of the laws for the protection of water and other natural resources, the Hillsborough County Pollution Control Commission, in December of 1970, did issue a pollution citation against the above named Defendant Utility Companies; that said citation did require, among other things, that no additional future sewer connections be made to the system and further, that said utility companies were to furnish plans and upgrade their sewer treatment facilities so that same complied with the pollution control laws of the State of Florida and Hillsborough County. That since issuance of the citation in December of 1970, said Defendant Utility Companies have failed, refused and neglected to upgrade their sewer plants as required by the citations, and there has been no material changes in the pollution conditions as existed in 1970 and as of the time of the filing of this complaint. That the Defendant, Hillsborough County Pollution Control Commission, has allowed the private defendant utility companies to remain in violation of the citations above referred to and has taken no action to require compliance therewith.
10. That pursuant to the requirements of 6A of the above cited Environmental Protection Act, the Plaintiff did forward to Hillsborough County Pollution Control Commission a verified complaint, a copy of which is attached hereto, said complaint having been received by the Hillsborough County Pollution Control Commission on the 31st day of January, 1972.

*449 11. That § 3 of the Environmental Protection Act required the Hillsborough County Pollution Control Commission to take appropriate action to abate the pollution condition within thirty (30) days of the receipt of the verified complaint.
It is exceedingly difficult for us to reasonably perceive, despite the very persuasive oral argument of counsel for appellees to the contrary, that appellant, comprising a group of lay citizens interested in protecting and upgrading the environment, would have any further knowledge of the action or nonaction of the appellees in the premises other than that alleged in its complaint. To require appellant to plead its case with more particularity and specificity would be inconsistent with the well accepted and understood concept of liberality in pleading.
On the authority of the statute[1] and this court's opinion in the case of Save Sand Key, Inc. v. United States Steel Corporation, Fla.App. 1973, 281 So.2d 572 (opinion filed July 19, 1973,) the appellant does have standing to sue and is not required to show special injury beyond that sustained by the general public. We point out that the trial court did not have the benefit of the well-reasoned opinion of Judge McNulty in the cited case at the time of the court's ruling herein.
We do not reach and therefore do not decide the matter of whether the Commission has taken appropriate action as provided in the statute[2]. To do so at this stage of the proceedings would not only be premature but plain error.
For the reasons stated, the order appealed is, therefore, reversed and the case remanded for further proceedings consistent with this opinion.
It is so ordered.
HOBSON, A.C.J., and McNULTY, J., concur.
NOTES
[1] Florida Statutes, Section 403.412(2) (a), provides: "The department of legal affairs, any political subdivision or municipality of the state, or a citizen of the state may maintain an action for injunctive relief against:

1. Any governmental agency or authority charged by law with the duty of enforcing laws, rules, and regulations for the protection of the air, water, and other natural resources of the state to compel such governmental authority to enforce such laws, rules, and regulations;
2. Any person, natural or corporate, governmental agency or authority to enjoin such persons, agencies, or authorities from violating any laws, rules or regulations for the protection of the air, water, and other natural resources of the state."
[2] Florida Statutes, Section 403.412(2) (c), provides in pertinent part: "... Upon receipt of a complaint, the governmental agency or authority shall forthwith transmit, by registered or certified mail, a copy of such complaint to those parties charged with violating the laws, rules, and regulations for the protection of the air, water and other natural resources of the state. The agency receiving such complaint shall have thirty days after the receipt thereof within which to take appropriate action... ."